HOWARD MOORE, JR., SBN 55228
MARC J. DAYS, SBN 184098
Moore and Moore
445 Bellevue, Second Floor
Oakland, California 94610-4924
Telephone: (510) 451-0104
Fax: (510) 451-5056

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY HOLLAND dba RAINBOW BAY AREA ENTERPRISES,<br><br>  Plaintiff,<br><br>  vs.<br><br>LEM CONSTRUCTION, INC., DPR CONSTRUCTION, INC., LEM/DPR, A JOINT VENTURE, KEVIN DUGAN, GREG JOHNSON, BILL SWANSON and KIP TREXEL,<br><br>  Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**Breach of Contract; Negligence; Intentional Misrepresentation; Intentional Infliction of Emotional Distress; 42 U.S.C. § 1981; 18 U.S.C. § 1962; and 42 U.S.C. § 1983**<br><br>**Jury Trial Demanded** |

Plaintiff alleges:

**JURISDICTION**

1.  This action is brought pursuant to Title 18 United States Code ("**U.S.C.**") §§ 1962, 1964 and 1965; Title 42 U.S.C. §§ 1981, 1983, 1985 and 1988; and the Fourteenth Amendment to the United States Constitution. The jurisdiction of this Court is based upon Title 28 U.S.C. §§ 1331 and 1343(1), (2), (3) and (4).

2.  The acts, omissions and practices alleged herein occurred in the City of San Francisco, in the state of California, which is situated in this judicial district.

3. This court has pendent jurisdiction over Plaintiff's claims which arise under California statutory or decisional law by virtue of the fact such claims arise out of the same transaction or series of transactions or the nucleus of operative facts as do the claims herein under federal constitutional and statutory law.

4. The common law, as modified by the Constitution and statutes of the State of California, is not inconsistent with the Constitution and laws of the United States and should be extended to and govern the trial and disposition of this cause.

**PARTIES**

5. **HENRY HOLLAND dba RAINBOW BAY AREA ENTERPRISES** is the Plaintiff named herein. Plaintiff is, and at all times mention herein was, an adult African American citizen of the United States of America and a licensed contractor.

6. Defendants named herein are:

a. **LEM CONSTRUCTION, INC.,** (hereinafter **"Defendant LEM"**) is, and at all times herein mentioned was, a corporation, business and enterprise engaged in interstate commerce and construction of the Asian Art Museum (the "**Project**"), a public work of improvement, located in San Francisco, California.

b. **DPR CONSTRUCTION, INC.**, (hereinafter, **"Defendant DPR"**) is, and at all times herein mentioned was, a corporation, business and enterprise engaged in interstate commerce and construction of the Project.

c. **LEM/DPR, a joint venture,** (hereinafter, **"Defendant LEM/DPR"**) is, and at all times herein mentioned was, a joint venture, between Defendant LEM and Defendant DPR, business and enterprise engaged in interstate commerce and construction of the Project.

2
Complaint for Damages

d. **DEFENDANT BILL SWANSON**, (hereinafter, **"Defendant Swanson"**) is, and at all times herein mentioned was, employed by Defendants LEM, DPR and LEM/DPR, as the superintendent of the Project and is sued in his individual and official capacity.

e. **DEFENDANT KEVIN DUGAN**, (hereinafter, **"Defendant Dugan"**) is, and at all times herein mentioned was, employed by Defendants LEM, DPR and LEM/DPR, as the project manager of the Project and is sued in his individual and official capacity.

f. **DEFENDANT GREG JOHNSON**, (hereinafter, **"Defendant Johnson"**) is, and at all times herein mentioned was, employed by Defendants LEM, DPR and LEM/DPR, as the project manager of the Project and is sued in his individual and official capacity.

g. **DEFENDANT KIP TREXEL**, (hereinafter, **"Defendant Trexel"**) is, and at all times herein mentioned was, employed by Defendants LEM, DPR and LEM/DPR, as the construction manager of the Project and is sued in his individual and official capacity.

7. The true names and capacities, whether individual and or, corporate, manager, officer or otherwise of Defendants named herein, inclusive, Plaintiff believes and alleges are known by Defendants. Plaintiff will amend this Complaint for Damages to allege the true names and capacities, if the names and capacities stated above are different and if all persons responsible for the acts alleged herein are not provided.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, in doing things herein alleged, was the agent, employee or representative of each of the remaining Defendants and was acting within the scope and authority of such relationship and is responsible and the proximate cause for occurrences, injuries and damages, alleged herein.

## STATEMENT OF FACTS

9. Defendants LEM, DPR and LEM/DPR contracted with the City of San Francisco (the "**City**") to construct the Project on public land, with public funds, for the use and benefit of the public, including, but not limited to, exhibiting and housing over 12,000 objects and treasures owned by the City of San Francisco, and valued at over one billion dollars.

10. Defendants LEM, DPR and LEM/DPR constructed the Project at a cost of over 160 million dollars and, under the terms of the contract with the City, covenanted and agreed to inform all contractors, suppliers of labor and laborers that the Project was a prevailing wage project and follow and enforce the California Labor Code and state law pertaining to public works projects.

11. Defendant Trexel, as construction manager, managed and supervised the construction of the Project and, on behalf of Defendants LEM, DPR and LEM/DPR, negotiated and entered into agreements and contracts with other persons and businesses, including Plaintiff, to complete the Project's construction.

12. On or about September 30, 2002, Plaintiff agreed and entered into an oral contract with Defendants LEM, DPR and LEM/DPR to provide cleaning to the Project. The terms and conditions of the contract included, but were not limited to, the following:

   a. Plaintiff would clean the Project as requested by Defendants, and

   b. Defendants LEM, DPR and LEM/DPR would pay Plaintiff $35.00 for each hour of labor Plaintiff provided to the Project.

13. On or about October 1, 2002, Plaintiff began cleaning the Project.

14. Thereafter Plaintiff sought payment from Defendants for over 600 hours of labor provided to the Project.

15. Defendant Dugan informed Plaintiff that Defendants were having budget issues and would not pay Plaintiff $35.00 an hour but $25.00 an hour and, rather than the parties entering a contractual dispute, offered Plaintiff a contract for final cleaning, and additional cleaning, of the Project. On November 4, 2002, the parties entered into a written contract; the terms of which included:

    a. $42,500.00 for the final cleanup of the Project, including cleaning already provided by Plaintiff; and

    b. $30.00 for each hour of additional labor provided to the Project.

16. At no time prior to entering into the oral or written contracts with Plaintiff, did Defendants LEM, DPR, LEM/DPR, Dugan, Johnson, Swanson or Trexel notify Plaintiff the Project was a prevailing wage Project.

17. Defendants had a statutory, contractual and fiduciary duty to inform all contractors and suppliers of labor, including Plaintiff, that the Project was a prevailing wage project and inform them of the applicable prevailing wage rate.

18. At all times Plaintiff provided cleaning to the Project Defendants knew, or should have known, Plaintiff was not paying his laborers prevailing wage.

19. Defendants knew, or should have known, that Plaintiff was unaware of the applicability of the prevailing wage rate, based on the size of the Project and value of Plaintiff's contracts, which were insufficient to pay the prevailing wage rate of $21.63 per hour, costs and contributions, unconscionable and contrary to public policy.

20. Despite their satisfaction with the cleanup and final cleanup provided by Plaintiff, Defendants LEM, DPR and LEM/DPR refused to pay Plaintiff consistent with the prevailing wage and in a timely and reasonable manner, unlike non African-American contractors, suppliers of labor and laborers.

5

Complaint for Damages

21.     Plaintiff complained to Defendants that he was not being paid in a timely manner unlike non African American contractors and suppliers of labor and, immediately thereafter, Defendants LEM, DPR and LEM/DPR retaliated against Plaintiff, terminating his contract and depriving him of the over 1000 additional cleaning hours provided to the Project as a result of construction delay and the weather.

22.     After terminating Plaintiff's contract, Defendant refused to pay Plaintiff a conscionable amount, commensurate with the value of the cleaning he provided to the Project and the prevailing wage rate, and reported Plaintiff to the Office of Labor Standards Enforcement for not paying his laborers prevailing wage.

23.     Defendants LEM, DPR and LEM/DPR's customs, practices and training, in the operation, administration and management of public works projects caused Plaintiff, and others similar to Plaintiff, to be defrauded, deprived of property and suffer violations of constitutional rights. Defendant County's customs, practices and training is, and at all times relevant herein was, deliberately indifferent and in reckless disregard of the rights of persons Defendants were likely to come into contact with, including Plaintiff.

24.     The act and omissions of Defendants, as herein alleged, were illegal, intentional, malicious, oppressive, deceitful, fraudulent, deliberately indifferent, retaliatory, in wanton disregard of Plaintiff's rights and done with the intention of causing Plaintiff injury, fear, humiliation and severe and extreme emotional distress.  As a direct consequence thereof, Plaintiff demands exemplary or punitive damages against Defendants.

25.     As a proximate results of the acts and omissions of Defendants, as herein alleged, Plaintiff suffered injury, monetary loss, severe and extreme emotional distress, mental and physical pain and suffering, humiliation, anxiety and depression, for which he seeks injunctive and declaratory relief

6

Complaint for Damages

and recovery of general, compensatory, special and punitive damages in an amount according to proof at trial of not less than $250,000.00

### FIRST CAUSE OF ACTION
### (Breach of Contract)

26. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 25 and makes them a part hereof.

27. Plaintiff cleaned the Project from on or about October 1, 2002, through on or about January 3, 2003, to Defendants satisfaction.

28. Defendants LEM, DPR, and LEM/DPR breached Plaintiff's contract, failed to compensate Plaintiff for the reasonable value of the labor and final cleanup he provided to the Project and deprived Plaintiff of the value of the additional cleanup provided to the Project after Plaintiff's contract was wrongfully breached.

29. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (Negligence)

30. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 29 and makes them a part hereof.

31. Defendants owed Plaintiff a duty to inform him of the prevailing wage rate, and its applicability, prior to entering into contracts for cleaning the Project.

32. Defendants breached their duty to inform Plaintiff the prevailing wage rate was applicable to the Project.

33. As a proximate result of Defendants breach of duty, Plaintiff contracted to provide labor and final cleanup at a rate which was unconscionable, not commensurate with the prevailing wage rate and to his damage.

34. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Intentional Misrepresentation)**

35. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 34 and makes them a part hereof.

36. Defendants conspired to suppress, and intentionally and knowingly suppressed, from Plaintiff the applicability of the prevailing wage rate to the Project.

37. Defendants intended, for profit, to induce Plaintiff to enter into contract and provide cleaning and labor to the Project at a price and under terms which were unconscionable, unreasonably low and not commensurate with the prevailing wage rate.

38. As a proximate result of Defendants, deceit, fraud, intentional concealment, and failure to inform Plaintiff that the Project was a prevailing wage project, Plaintiff contracted to provide cleanup at a rate which was to his damage and not commensurate with the prevailing wage rate and value of the cleaning provided.

39. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

40. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 39 and makes them a part hereof.

41. Defendants engaged in extreme and outrageous conduct when they:

    a. intentionally and knowingly failed to inform Plaintiff the Project was a prevailing wage project;

    b. intentionally and knowingly allowed Plaintiff to pay his laborers less than the prevailing wage rate;

    c. threatened to not compensate Plaintiff for labor provided to the Project unless Plaintiff certified he was paying his employees prevailing wage;

    d. refused to compensate Plaintiff a reasonable amount, commensurate with the prevailing wage rate;

    e. took adverse action against Plaintiff, including terminating his contract, when he

complained Defendants were not paying him in a timely manner, unlike other non African American employees; and

   f.  reported Plaintiff to the Office of Labor Standards Enforcement for not paying his laborers prevailing wage.

 42. Defendants engaged in extreme and outrageous conduct with the intention of causing, and in reckless disregard of the probability of causing, Plaintiff emotional distress.

 43. As a proximate cause of Defendants extreme and outrageous conduct Plaintiff suffered severe emotional distress.

 44. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of 42 U.S.C. § 1981)**

 45. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 44 and makes them a part hereof.

 46. Defendants LEM, DPR and LEM/DPR intentionally discriminated against Plaintiff on the grounds of his race, in violation of 42 U.S.C. § 1981, when they took adverse action against Plaintiff for complaining of discrimination and subjected Plaintiff to terms and conditions they did not subject non African-American suppliers of labor, contractors and employees to, including, but not limited to, failing to inform him the Project was a prevailing wage project, failing to regularly and timely pay him, and failing to compensate him commensurate with the prevailing wage rate.

 47. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962)**

 48. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 47 and makes them a part hereof.

 49. Defendants LEM, DPR and LEM/DPR engaged in a common purpose and scheme to derive income, and reduce cleaning and labor costs at public works projects, from a pattern of racketeering activity involving predicate acts of extortion, fraud and willful refusal to pay public monies earned by others, including Plaintiff, and used the income to operate their businesses.

50. Defendants Swanson, Dugan, Johnson and Trexel participated in, and managed and supervised, the affairs of Defendants LEM, DPR and LEM/DPR through a pattern of racketeering activity involving predicates acts of extortion, fraud and willful refusal to pay public monies earned by others at public works projects, including Plaintiff's monies.

51. Defendants LEM, DPR, LEM/DPR, Swanson, Dougal, Johnson and Trexel acted in concert and conspired to derive income from a pattern of racketeering activity involving predicate acts of extortion, fraud and willful refusal to pay public monies earned by others, including Plaintiff, and use the income in the operation of Defendants LEM, DPR and LEM/DPR.

52. Defendants engaged in a pattern of racketeering when they:

   a. committed extortion by obtaining labor from Plaintiff at an unconscionable rate then, after Plaintiff provided over 600 hours of labor, informing Plaintiff he would not be paid unless he submitted false certified payroll;

   b. committed extortion by obtaining labor from Plaintiff at an unconscionable rate then, after Plaintiff provided over 600 hours of labor, informing Plaintiff he would not be paid unless he agreed to a lower price;

   c. defrauded Plaintiff and failed to pay him public monies earned and compensation commensurate with the prevailing wage rate; and

   d. used the United States Mail to further their purpose and scheme of fraudulently obtaining, and willfully refusing to pay, public monies earned by Plaintiff.

53. Defendants used the United States Mail to further their purpose and schemes when they:

   a. sent a written contract to Plaintiff for cleaning the Project;

   b. sent change orders and certified payroll to the City for cleaning; and

   c. requested and obtained public monies earned by Plaintiff.

54. Defendants obtaining cheap labor and cleaning on public works projects through fraud and extortion has been, is and continues to be a regular way of doing business for Defendants LEM, DPR and LEM/DPR.

Complaint for Damages

55. Defendants Swanson, Dougal, Johnson and Trexel have been, are and continue to participate in, manage and supervise the affairs of Defendants LEM, DPR and LEM/DPR through a pattern of racketeering activity, as alleged herein.

56. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**[Violation of Fourteenth Amendment]**

57. Plaintiff re-alleges and incorporates by reference, paragraphs 1 through 56 and makes them a part hereof.

58. In the commission of the acts and omissions alleged herein, Defendants acted under color of state law to subject or cause Plaintiff to be subjected to a deprivation of rights, privileges and immunities guaranteed Plaintiff by the constitutions and laws of the United States and State of California.

59. Defendants violated Plaintiff's right to due process and right to not be deprived of life, liberty or property without due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution.

60. In order to obtain the contract to construct the Project, Defendants LEM, DPR and LEM/DPR covenanted and agreed to follow and enforce the California Labor Code and state law pertaining to prevailing wage and protect the rights of all contractors, suppliers of labor and laborers by providing them notice that the Project was a prevailing wage project.

61. Defendants violated Plaintiff's right to due process when they deprived him of his right to notice that the Project was a prevailing wage project and, after failing to give notice of the prevailing wage, withheld and deprived him of his property and the value of his labor.

62. The acts and omissions of Defendants benefited the Defendants and the City by keeping the costs of the Project down at the expense of Plaintiff.

63. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**PRAYOR**

WHEREFORE, Plaintiff demands the following relief against Defendant:

1)  Compensatory, special and general damages;

2)  equitable and declaratory relief, including but not limited to a finding that Defendants

Complaint for Damages

11

failed to inform Plaintiff of the prevailing wage with intent to defraud;

  3) orders preventing future racketing activities and requiring Defendants provide specific notice of the applicability of the prevailing wage to contractors, suppliers of labor and laborers;

  4) costs of suit incurred;

  5) attorneys' fees;  and

  6) for such other and further relief, including punitive damages and declaratory and injunctive relief, as the court may deem proper.

Dated: _____

               Marc Days,
               Attorney for Plaintiff

Complaint for Damages

12